# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LISA WALKER, et al.,**

    **Plaintiffs,**

  v.          Case No. 14-CV-903

**CASHCALL, INC.,**

    **Defendant.**

## PROTECTIVE ORDER

**WHEREAS**, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit, and other confidential information of Plaintiff.

**IT IS THEREFORE ORDERED** that such confidential information shall be protected on the following terms:

  1. "Producing Party" means the individual or entity designating material "Confidential" or "Confidential—Attorneys Eyes Only" under this Order.

  2. "Receiving Party" means the individual or entity that has received

information designated "Confidential" or "Confidential—Attorneys Eyes Only" from a Producing Party.

3. "Receiving Party's Outside Counsel" means any counsel of record for a Receiving Party in this case (excluding any employees of a party to this case), as well as any employees of such counsel of record assisting in matters relating to this case.

4. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof.

5. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

6. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

7. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to

this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of General L. R. 79(d).

8. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including any other defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

9. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated Confidential hereunder) may not be

3
Case 2:14-cv-00903-WED   Filed 06/08/15   Page 3 of 7   Document 50

disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

10. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior order after notice, any document, transcript, or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance"

(Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (e) the author of the document or the original source of the information.

11. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 9(f) or 10(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

12. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. Any person receiving or reviewing such confidential documents, information, or transcript shall not disseminate or disclose them to any person other than those described above in Paragraph 9 and Paragraph 10 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

13. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

5

14. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

15. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same, or shall be destroyed by the Receiving Party.

16. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

17. Nothing herein shall affect or restrict the rights of any party with respect

to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

18. The Court retains the right to allow disclosure of any subject covered by the parties' stipulation or to modify the stipulation at any time in the interest of justice.

Dated at Milwaukee, Wisconsin this 8th day of June, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge