# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC WILLIAMS, et al.,

        Plaintiffs,

    v.                                        Case No. 14-CV-903

CASHCALL, INC.,

        Defendant.

## ORDER

On August 4, 2014, defendant CashCall, Inc., filed a Motion to Compel Arbitration of plaintiffs Eric Williams's and Lisa Walker's claims. (ECF No. 3.) In that motion, CashCall argued that the parties' loan agreements required the plaintiffs to pursue their claims in arbitration. On March 17, 2015, the court held that, although Walker could continue to pursue her claims in federal court, Williams was required to pursue his claims in arbitration. (ECF No. 36.) Accordingly, Williams's complaint was dismissed. (ECF No. 36 at 13.) On June 4, 2015, Williams filed a motion for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that he may immediately appeal this court's order compelling arbitration. (ECF No. 47.) The motion is fully briefed and ready for resolution.

CashCall asserts that the Federal Arbitration Act ("FAA") trumps Rule 54(b) and bars Williams from immediately appealing this court's order compelling arbitration. Citing 9 U.S.C. § 16, it argues that only orders *disfavoring* arbitration are immediately appealable. The two relevant subsections of 9 U.S.C. § 16 provide that

> (a) An appeal may be taken from…(3) a final decision with respect to an arbitration that is subject to this title….
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order…(2) directing arbitration to proceed under section 4 of this title.

9 U.S.C. § 16. A final decision under § 16(a)(3) is "a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 85 (2000) (internal citations omitted).

It is undisputed that, had this court's order compelled *both* Williams and Walker to arbitrate their claims and dismissed the complaint in its entirety, the order would be "a final decision with respect to an arbitration," and both Williams and Walker could immediately appeal. That was the situation in *Green Tree,* in which the court held that, when the district court "has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and therefore appealable." *Id.* at 89; *see also American Int'l Specialty Lines Ins. Co. v. Electronic Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003) ("Cases which suggest that an order to arbitrate is…never final and appealable…cannot survive *Green Tree*."). But here only one plaintiff was ordered to proceed to arbitration while the other was permitted to stay

in federal court. According to CashCall, that means that the court's order is not a "final decision with respect to arbitration" under § 16(a)(3).

The court disagrees. It has ordered that Williams must pursue his claims in arbitration and that Walker need not, and no other "decision with respect to arbitration" remains. At least one district court, in entering a final judgment pursuant to Rule 54(b), rejected the same argument CashCall raises here. *See In re Wholesale Grocery Products Antitrust Litig.*, No. 09-MD-2090 ADM/AJB, 2011 WL 3837107, at *3 (D. Minn. Aug. 30, 2011). Numerous federal courts of appeals have found that appellate jurisdiction exists upon a district court certifying an order compelling arbitration. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 891 (5th Cir. 2013); *Teamsters Local Union No. 89 v. Kroger Co.*, 617 F.3d 899, 908 (6th Cir. 2010); *In re Wholesale Grocery Products Antitrust Litig.*, 707 F.3d 917, 919 (8th Cir. 2013); *Promega Corp. v. Life Technologies Corp.*, 674 F.3d 1352, 1355 (Fed. Cir. 2012). In short, the FAA does not prevent entry under Rule 54(b) of a final judgment ordering arbitration.

Turning to Rule 54(b), it provides that, "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all,…parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A court must make two independent findings in order to enter final judgment for less than all of the parties.

Proper entry of judgment under Rule 54(b) first requires that the district court reach a judgment that is final in the sense that it completely disposes of all claims with respect to a particular party. *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990); *see also Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008) (Rule 54(b) "authorizes certification when everything having to do with a particular party is wrapped up."). CashCall does not assert that Williams has any unresolved claims before this court. Indeed, he was ordered to arbitrate any claim he might have against CashCall, and his complaint was dismissed.

The second requirement for entering judgment under Rule 54(b) is that there must be no just reason for delaying the party's appeal. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Determining whether a just reason exists rests within the sound discretion of the district court. *Id.* at 10. It requires "balancing the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999).

CashCall offers two reasons for delaying Williams's appeal of the arbitrability decision. First it argues that an arbitration award in Williams's favor "could satisfy his claims without the need for an appeal at all, saving the parties and the federal courts time and money." (ECF No. 52 at 3 (emphasis added).) Of course, that situation assumes that CashCall would not come to federal court to challenge the arbitrator's decision.

4

Moreover, an immediate appeal by Williams, if successful, would save the parties time and expense—the time and expense of participating in an unnecessary arbitration. The possible outcome suggested by CashCall is not a just reason to delay Williams's appeal.

CashCall's second argument is that if Williams appeals now it could result in two appeals: his appeal on the arbitrability question and "then an appeal from any judgment after the arbitration either vacating or confirming an arbitration award." (ECF No. 54 at 3.) Such a "piecemeal appeal" "is disfavored in the federal system." (ECF No. 54 at 3 (quoting *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999)).) Courts should avoid certifying "time-consuming duplicative appeals" that "ha[ve] the potential to multiply litigation costs for parties and the appellate court." *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *see also Curtiss-Wright*, 446 U.S. at 8.

Of course, CashCall's argument presumes that Williams will lose his appeal regarding the arbitrability question. But if he prevails, then there will be no appeal from "any judgment after the arbitration," as CashCall puts it. (ECF No. 52 at 3.) Certainly one option for Williams is to simply pursue his claims in arbitration and, if he obtains an unfavorable outcome, appeal the arbitrability decision along with any other claims he might have regarding the arbitration award. *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000). But, as just noted, an immediate appeal may avoid an unnecessary

5
Case 2:14-cv-00903-WED   Filed 07/16/15   Page 5 of 6   Document 56

arbitration. *See Columbia Broad. Sys., Inc., v. Amana Refrigeration, Inc.*, 271 F.2d 257, 261 (7th Cir. 1959).

In *National Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986), in affirming the use of Rule 54(b) to certify an immediate appeal even though claims remained against another party, the court of appeals pointed out that

> [t]he judge's order…disposes, with finality in the district court, of the company's claim against McNeil….He is out of the case….He doesn't have to wait till the end of what may be protracted proceedings in the district court to find out for sure whether he is, as the district court found, not violating any rights of the plaintiff.

Similarly, this court's decision ordering Williams to pursue his claims in arbitration and dismissing his complaint against CashCall disposed of his claim entirely. He is out of the case. The court can think of no just reason to delay Williams's appeal of the arbitrability decision. Therefore, the court will enter final judgment with respect to Williams's claims pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS THEREFORE ORDERED** that Plaintiff Eric Williams's Motion for Judgment (ECF No. 47) is **granted**. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of July, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge